Parker *v.* Marston.

SOPHRONIA PARKER *versus* MARSTON.

Declarations by the vender of property, made in disparagement of his title, and while he was in possession of the property, are admissible in evidence to disprove such title.

In order to make such declarations admissible, it is not necessary that, at the time of making them, the property should be exhibited, or that any act should be done in relation to it.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J. presiding.

TROVER for an unindorsed promissory note, made payable to Betsey Parker.

The plaintiff's testimony tended to prove the ownership of the note to be in her, by a gift from the payee. The defendant introduced testimony tending to show *that* the note was given by the payee to one Mary Anne Parker, as a "*donatio causa mortis*;" *that* Mary Anne took it into possession at the time of the gift; and *that* it was seen in her hands several times within the next subsequent four years.

He also proved that, after that period, Mary Anne sold the note to one Thomas Parker, of whom it was purchased by the defendant.

Several witnesses for the plaintiff testified, that, on several occasions within those four years, Mary Anne declared that the note had been given not to her but to the plaintiff. It did not, however, appear that, upon either of those occasions, the note was present, or that any act was done in relation to it. To the admission of those declarations, the defendant seasonably objected, and now files exceptions.

Mary Anne was not used as a witness by either party, though still living. The defendant also moved for a new trial, on the ground of newly discovered evidence.

APPLETON, J. — It was claimed in the defence that one Betsey Parker in her last sickness, and in contemplation of death, gave the note, for the conversion of which this action was brought, to her sister, Mary Anne Parker, by whom the same was sold to one Thomas Parker, from whom the defendant derived title by purchase. There was evidence on the

part of the defendant tending to prove that Mary Anne Parker took possession of the note at the time of the alleged gift, and that it was in her hands at various times before the sale and delivery of the same to Thomas Parker. Her declarations in disparagement of her title between those times were received. It is contended that such declarations are hearsay, and consequently were inadmissible. The real and efficient testimony, in cases of this class, is that of the individual whose declarations are offered. It is undoubtedly true that this kind of proof partakes of the characteristic infirmities of hearsay evidence. It is not uttered under the securities which the administration of an oath and the opportunities of cross-examination afford for trustworthiness. But the want of those securities affect only the degree of credit to which it may be entitled. Its admissibility has been too clearly settled by repeated decisions to be any longer questioned. *Hatch* v. *Dennis*, 1 Fairf. 244; *Holt* v. *Walker*, 26 Maine, 107. The note in this case was not indorsed by the payee, and the defendant may justly be deemed as taking it under circumstances of suspicion. 1 Greenl. Ev. § 190.

By the statute of 1852, c. 246, all motions for a new trial, and petitions for review are to be heard by one Judge at *Nisi Prius*, before whom the party aggrieved can present his evidence and have a hearing.

SHEPLEY, C. J., TENNEY, HOWARD, and RICE, J. J. concurred.                    *Exceptions overruled.*

*Noyes,* for the defendant.

*Paine,* for the plaintiff.